MEMORANDUM **
We affirm the district court’s order granting summary judgment in favor of the Appellee/Insurer, Illinois Union Insurance Company.
The professional liability insurance policy provides, in relevant part, the following exclusion:
The Insurer shall not be liable for Loss on account of any Claim made against any Insured:
W. Based upon, arising out of, or attributable to the sale, attempted sale, or servicing of:
1. Commodities, commodity future contracts, any type of option contract or derivative.
The policy clearly excluded losses arising out of investments in derivatives. The collateralized mortgage bonds in Appellant’s portfolio were derivatives.[1]
Appellant argues that part of her damage arises out of conduct that is separate and apart from the sale of derivatives. She contends that the Insured, Brook-street Securities Corporation, breached its fiduciary duty, committed fraud, made misrepresentations, omitted material facts, acted negligently, and violated state and federal securities laws before buying deriv *196 atives. Appellant argues the insurance policy covers this distinct conduct under a theory of concurrent causation or efficient proximate cause analysis. See, e.g., State Farm Mut. Auto. Ins. Co. v. Partridge, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123, 129-32 (1973).
We are not persuaded by this argument. The exclusion at issue in this case applies irrespective of the legal theory of recovery asserted against the Insured. See Century Transit Sys., Inc. v. Am. Empire Surplus Lines Ins. Co., 42 Cal.App.4th 121, 49 Cal.Rptr.2d 567, 571 (1996). The plain terms of the policy exclude coverage for any loss attributable to an investment in derivatives. The fact that the Insured allegedly made intentional misrepresentations of fact or breached a fiduciary duty sets up the purchase of collateralized mortgage bonds. The measure of damages for each and every claim is loss based upon the purchase and sale of derivatives; therefore, these claims directly arise from a category of claims arising from a loss specifically excluded from coverage. See Cont’l Cas. Co. v. City of Richmond, 763 F.2d 1076, 1081-82 (9th Cir.1985); Century Transit, 49 Cal.Rptr.2d at 571-72 & n. 6.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The district court held that collateralized mortgage bonds fell within the definition of derivatives. Appellant did not appeal that issue.